# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

### CIVIL CASE NO. 1:15-CV-00202-MR

| | |
|---|---|
| **PSI SERVICES LLC,** | : |
| Plaintiff, | : |
| v. | : **CONSENT JUDGMENT** |
| **JULIUS J. JOHNSON** (d/b/a **CONTRACTORS SEMINARS**), | : |
| Defendant. | : |

This matter is before the Court pursuant to the report of the parties, Plaintiff, PSI Services LLC ("PSI" or "Plaintiff") and Defendant, Julius J. Johnson ("Johnson" or "Defendant") that the parties have settled this action and that as part of said settlement Defendant, without admitting fault or liability to Plaintiff, has consented to the entry of this judgment that contains some but not all of the terms of the parties' settlement, and with the court having reviewed the pleadings and prior orders entered by the court in this action and the terms of the settlement agreement executed by the parties, and having determined based on said court filings, the settlement agreement, and the consent of the parties that the Court has jurisdiction over the subject matter and of all parties to this action and that

judgment against Defendant should be entered as set forth herein;

As referred to herein below, (a) the "**NASCLA Examination**" shall refer to PSI's registered copyright (No. TXu001953967) in its National Commercial Building Contractor Examination, which has been accredited by the National Association of State Contractors Licensing Agencies ("NASCLA"), and; the "**PSI Examinations**" shall refer to any PSI examination delivered by PSI either at its testing centers or through any other delivery channel, or any materials substantially similar thereto, including but not limited to the NASCLA Examination.

**IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED** that

1. From the date of the entry of this Consent Judgment, Johnson, his agents, servants, employees, and anyone in active concert or participation with him, shall forever (absent the express written authorization from PSI to the contrary) be prohibited from further copying, duplicating, distributing, displaying, advertising, selling, adapting, publishing, reproducing, preparing derivative works based on, renting, leasing, offering or otherwise transferring or communicating in any manner, orally or in written, printed, audio, electronic, photographic, machine-readable, or other form, including but not limited to any publication on the Internet, or in written or downloadable electronic materials, any PSI Examinations, including

PSI's NASCLA Examination, including but not limited to substantially similar materials that were derived from any of the PSI Examinations.

2. From the date of the entry of this Consent Judgment, Johnson, his agents, servants, employees, and anyone in active concert or participation with him, shall forever be prohibited from registering for or taking any PSI Examinations without first obtaining the express written permission of PSI. While not obligated hereunder for any unauthorized action by any of his agents, servants, or employees, whether under paragraph 1 or 2, Johnson shall promptly inform all of his agents, servants and employees of his obligations pursuant to these provisions, obtain their consent to comply therewith, and immediately inform PSI if he learns of any violation of paragraph 1 or 2 by any such agent, servant or employee.

3. For the period of time that Johnson is making payments to PSI pursuant to the parties' settlement agreement, but no less than two (2) years from the date of the entry of this Consent Judgment, all test preparation seminars/classes conducted by Johnson for individuals desiring to become certified and/or licensed building contractors, including but not limited to seminars relating to the NASCLA

Examination, however and wherever conducted (orally, audio, electronic, video, webcast or otherwise), shall be open to a pre-designated representative of PSI at no charge;

4. For the period of time that Johnson is making payments to PSI pursuant to the parties' settlement agreement, but no less than two (2) years from the date of the entry of this Consent Judgment, to the extent that Johnson continues to maintain a website for or relating to the business of Contractors Seminars, whether the existing website (www.contractorsseminars.com) or any new website, Johnson shall continue to allow any person designated by PSI, access to the website, and all materials thereon created by or for Johnson relating to the business that are available to any of Johnson's customers shall remain open and accessible to PSI, without charge, for the purpose of monitoring compliance with this Consent Judgment. Subject to the limitations of this Consent Judgment, Johnson shall remain free to modify the website and materials thereon, but PSI shall continue to have free access during the period stated above to the same portions of the website and materials (provided the materials are still on the website) to which it has had access since the Court's entry in this

action of the September 12, 2015 Order Granting Motion for Ex Parte Temporary Restraining Order.

5. To the extent Johnson makes new materials created by or for him available to customers of Contractors Seminars via his website or another method of distribution, Johnson shall promptly provide such materials to PSI for its review by sending the materials via email to PSI employees Alon Schwartz (aschwartz@psionline.com) and Nicole Tucker (ntucker@psioline.com). PSI will review the materials and, should PSI find any infringing material, Johnson will reimburse PSI for its costs incurred in reviewing any such new materials. PSI's costs will be calculated based on the time incurred to conduct the entire review at the rate of $50/hour for the PSI test development technician and at the rate of $187.50/hour for PSI's test development supervisor. Johnson shall remove any infringing material identified by PSI within two (2) business days of receiving notice from PSI.

6. That, as a result of the parties' settlement of this action and the Court's entry of this Consent Judgment, the Order Granting Motion for *Ex Parte* Temporary Restraining Order [Doc. 9] and the Consent Order Granting Preliminary Injunction [Doc. 17] previously entered in this Lawsuit are hereby dissolved and are null and void. Accordingly,

the bond provided for in Paragraph 9 of the Consent Order Granting Preliminary Injunction no longer is necessary and shall be returned to Plaintiff PSI by the Clerk's Office.

7. With the Court's entry of this Consent Judgment, a notice of dismissal with prejudice of the Lawsuit shall be filed with the Court.

8. The Court retains jurisdiction of this action and the parties after the filing of the notice of dismissal with prejudice of this action to the extent necessary to enforce the terms of this Consent Judgment.

9. The parties shall all bear their own costs, expenses and attorney's fees in this action.

Consented to by the parties this the ___ day of December, 2015.

| THE VAN WINKLE LAW FIRM | ADAMS HENDON CARSON CROW & SAENGER, P.A. |
|---|---|
| *[signature]* | *[signature]* |
| Larry S. McDevitt, N.C. Bar No. 5032<br>David M. Wilkerson, N.C. Bar No. 35742<br>11 North Market Street<br>Asheville, North Carolina 28801<br>Telephone: (828) 258-2991<br>lmcdevitt@vwlawfirm.com<br>dwilkerson@vwlawfirm.com<br><br>*Attorneys for Plaintiff,*<br>*PSI Services LLC* | E. Thomison Holman,<br>N.C. Bar No. 19380<br>72 Patton Avenue<br>Asheville, North Carolina 28801<br>Telephone: (828) 252-7381<br>tholman@adamsfirm.com<br><br>*Attorneys for Defendant,*<br>*Julius J. Johnson (d/b/a*<br>*Contractors*<br>*Seminars)* |

OF COUNSEL:
Hara K. Jacobs
Thomas W. Hazlett
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania 19103-7599
Telephone: 215.665.8500
Facsimile: 215.864.8999
 jacobsh@ballardspahr.com
 hazlettt@ballardspahr.com

IT IS SO ORDERED.

Signed: December 31, 2015

*[signature]*
Martin Reidinger
United States District Judge